J-A14016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SECADA DEMINICA BLACK | : | |
| | : | |
| Appellant | : | No. 849 WDA 2019 |

Appeal from the Judgment of Sentence Entered May 21, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002172-2019

BEFORE:  SHOGAN, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: JUNE 21, 2021**

Secada Deminica Black appeals from the judgment of sentence entered following her guilty plea to retail theft. **See** 18 Pa.C.S.A. § 3929(a)(1). She raises challenges related to the imposition of costs. We affirm.

Black entered a negotiated guilty plea in May 2019 to one count of retail theft. The plea bargain included Black's agreement to pay costs, but the parties did not itemize the costs or set an amount. **See** Phoenix Docket Plea Offer, 5/21/19, at 1. Black asked the court during the plea hearing to waive the costs on the ground that she was unable to pay, and the court denied the request. **See** N.T., 5/21/19, at 2-4.  The court sentenced Black pursuant to the plea deal, imposing 12 months' probation and ordering her to pay restitution and costs. However, the sentencing order, like the plea agreement, did not specify the individual costs or set a total amount for her to pay. Black

did not request a bill of the costs at that time or object to the imposition of costs on the basis that she had not yet received a bill of costs.

Black then filed a post-sentence motion, on May 29, 2019, again asking the court to waive the costs, asserting she was unable to pay. She did not raise the absence of a bill of costs. The trial court denied the motion that same day. The following day, the Clerk of Court docketed an Itemized Account of Fines, Costs, Fees and Restitution. There is no notation on the docket or anything in the record suggesting that this Itemized Account was provided to Black.

Black then filed this timely appeal. In her Pennsylvania Rule of Appellate Procedure 1925(b) statement, Black claimed the court erred in imposing costs without determining her ability to pay. She also argued certain costs lacked a statutory basis, challenged the imposition of the costs of probation as an aggregate number, and claimed the court improperly failed to provide her with a bill of costs such that she could file objections.

Black's appellate brief raises the following issues:

> 1. Did the trial court err by failing to provide Ms. Black with a bill of costs detailing the specific costs, and the amount thereof, that she must pay?
>
> 2. Did the trial court err by imposing the total aggregate amount of supervision fees, pursuant to 19 P.S. § 11.1102, at once, rather than allowing them to accrue each month that Ms. Black is on supervision?
>
> 3. Did the trial court err by imposing certain court costs even though there is no statute that authorizes imposing such costs?

4. Did the trial court err by imposing court costs on Ms. Black without considering her financial resources and ability to pay?

Black's Br. at 2.

We will address Black's last issue first: that the court erred by imposing costs on her without considering her financial resources and ability to pay. Recently, in **Commonwealth v. Lopez**, 248 A.3d 589, 592 (Pa.Super. 2021) (*en banc*), this Court addressed this issue and found that although a sentencing court has the discretion to hold an ability-to-pay hearing before imposing costs, a pre-sentence hearing is not mandatory. Rather, an ability-to-pay hearing is required only where a defendant may be imprisoned for failure to pay the costs. **Id.** Accordingly, here, the trial court did not err in imposing costs without first determining Black's ability to pay.

Turning to Black's remaining issues, she argues in her first issue that the court erred by not providing her "with a detailed bill of costs when it imposed them at sentencing violates both Pennsylvania law" and "notions of due process. . . ." Black's Br. at 9. Black argues that Pennsylvania case law requires that a defendant receive an itemized bill of costs that outlines the costs and have an opportunity to file objections. She contends that the notation of the bill of costs on the docket here was insufficient notification of the bill of costs. Black claims that, because she was not given adequate notice, she could not timely file objections. She maintains that the failure to follow such procedures violated due process. The Montgomery County Public

Defender's Office filed an *amicus curiae* brief, also arguing that a defendant should be provided notice of the bill of costs prior to sentencing.

Black first challenged the failure to give her a bill of costs in her Pa.R.A.P. 1925(b) statement. By failing to raise the issue in the trial court before she appealed, she deprived the trial court of the opportunity to address it. She has thus waived this issue on appeal. Her claim that she did not receive proper notice of the bill of costs because it was merely noted on the docket does not avoid waiver. She certainly knew during the plea and sentencing proceeding that she was going to be ordered to pay costs and that she had not received a bill of costs. Indeed, she entered into a plea agreement requiring her to pay costs without specifying the costs she would pay, and she took no steps to obtain a bill of costs during plea negotiations or at sentencing. She has thus waived this issue. Pa.R.A.P. 302(a).

In her second and third claims, Black challenges certain specific costs. She claims that there is no statutory authority for the court technology fee, the department of record fee (listed twice), the record management fee, and the use of county fee. She also claims the court erred by imposing a total projected balance of monthly supervision fees, rather than having the fees accrue on a monthly basis.

Black waived these challenges for purposes of this appeal. She did not raise them until her Rule 1925(b) statement. The failure to present these issues at a time they could be litigated below has resulted in the record being insufficiently developed for us to conduct appellate review. Although the

Commonwealth attached to its appellate brief an offer of proof for the bill of costs, it is not part of the record and has not been subjected to adversarial litigation. Nor has the trial court had an opportunity to consider it. Regarding Black's claim that the bill of costs should not include the total cost of probation, the record contains no information as to when that cost will be collected, that is, whether it is listed in the aggregate, but will only come due on a monthly basis.

We decline to address these claims on an undeveloped record. Because the trial court has not had an opportunity to hear Black's challenges to particular costs and to determine whether the Commonwealth supported such costs, Black has waived the claims for purposes of this appeal and we cannot address them at this time. Pa.R.A.P. 302(a); *cf. **Commonwealth v. Gill***, 432 A.2d 1001, 1004 (Pa.Super. 1981) (addressing an appeal from an order granting and denying objections to bill of costs). Our decision is without prejudice to Black's ability to ask the trial court to consider the issues in the first instance.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  06/21/2021